ORDERED.

Dated: April 10, 2012



Eileen W. Hollowell, Bankruptcy Judge
_____

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: ) | Chapter 12 |
| MICHAEL TROY ALLEN and ) | |
| DONALTA VARGAS-ALLEN ) | Case No. 0:11-bk-15206-EWH |
| ) | |
| ) | **MEMORANDUM DECISION ON** |
| Debtors. ) | **FREEDOM MORTGAGE CORP.'S** |
| ) | **MOTION TO DISMISS OR CONVERT** |

Michael Troy Allen and Donalta Vargas-Allen ("Debtors") filed an individual Chapter 12 voluntary petition on May 25, 2011. Debtors filed Schedules and Statements on June 7, 2011. Schedule D lists two secured creditors: Citi, which holds an $11,000 purchase-money security interest in Debtors' household furniture; and Freedom Mortgage Corp. ("Freedom"), which holds a $221,556 claim secured by a first lien on Debtors' residence. Schedule F lists nine unsecured creditors whose claims total $51,365. The nine unsecured claims include four credit cards, two charge accounts, one charge card, one medical bill, and one collection attorney. Schedules G and F indicate that Mrs. Vargas-Allen is unemployed and Mr. Allen is a seasonal assistant deck boss for Siberian Sea Fisheries. The Statement of Financial Affairs does not list any businesses in which Debtors have an ownership interest or serve as officers.

On February 7, 2012, Freedom filed a Motion to Dismiss or Convert ("Motion") the case. Freedom argues that Debtors do not meet the statutory definition for "family fisherman" contained in 11 U.S.C. § 101(19A) and accordingly do not qualify as Chapter 12 debtors. Freedom asserts that Debtors have scheduled typical consumer debts and have failed to show that at least 80% of their debts arise from operating a commercial fishing concern. Freedom further asserts that Debtors have not shown that they own or operate a fishing concern.

On February 23, 2012, Debtors filed a Response and Objection ("Response") to the Motion. Debtors claim that in accordance with § 101(19A), more than 50 percent of their income arises from fishing and that their debts do not exceed $1,500,000. Additionally, Debtors argue that they participate in a "commercial fishing operation" on a "commercial fishing vessel" as those terms are respectively defined in 11 U.S.C. §§ 101(7A) and (7B), and that 11 U.S.C. §§ 101(19B), 301, and 302 allow them to file a joint voluntary petition as a family fisherman under Chapter 12. The Response also alleges that Freedom is motivated by a desire to prevent Debtors from cramming down the value of Freedom's secured claim.

On March 7, 2012, Freedom filed a Reply ("Reply") reprising the arguments made in the Motion and contesting Debtors' assertion about Freedom's motivations.

Chapter 12 of the Bankruptcy Code governs adjustment of debts owed by a family farmer or fisherman, and 11 U.S.C § 101(19A) defines "family fisherman" as:

> (A) An individual or individual and spouse engaged in a commercial fishing operation–
>
> > (i) whose aggregate debts do not exceed $1,757,475 and not less than 80 percent of whose aggregate noncontingent, liquidated

2

Case 0:11-bk-15206-EWH    Doc 35    Filed 04/10/12    Entered 04/11/12 10:30:50    Desc
 Main Document - Memorandum/Opinion    Page 2 of 4

> debts (excluding the debt for the principal residence of such individual or such individual and spouse, unless such debt arises out of a commercial fishing operation), on the date the case is filed, arise out of a commercial fishing operation owned or operated by such individual or such individual and spouse; and
>
> (ii) who receive from such commercial fishing operation more than 50 percent of such individual's or such individual's and spouse's gross income for the taxable year preceding the taxable year in which the case concerning such individual or such individual and spouse was filed

In the present case, there is no dispute over whether the boat on which Mr. Allen works qualifies as a "commercial fishing vessel," nor whether Siberian Sea Fisheries qualifies as a "commercial fishing operation." Nor does any party challenge that Debtors derive income from fishing activities. Instead, the Court has been asked to determine if Debtors qualify as a "family fisherman" as defined by the Code, and the Court concludes that they do not.

Debtors do not qualify for two reasons. First, they have failed to show that "not less than 80 percent" of their "aggregate noncontingent, liquidated debts" arises out of a commercial fishing operation. Excluding the amount owed on their principal residence, Debtors have scheduled $62,365 of debt. To meet the statutory threshold of 80 percent, Debtors would need to show that $49,892 of that debt stems from a commercial fishing operation. Schedule D indicates that $11,000 of debt relates to household furnishings, leaving $51,365. Only $1,473 of that amount could arise from non-commercial sources for Debtors to satisfy § 101(19A), and nothing in Debtors' Schedules or other filings demonstrates that Debtors have made that showing.

Debtors also have not shown that they "own[] or operate[]" a commercial fishing concern. Schedules G and F indicates that Mr. Allen is a seasonal employee of a

3

commercial fishing operation, and Debtors do not list an ownership or management interest in any commercial fishing operation. As a result, Debtors cannot clear this second statutory hurdle.

For the forgoing reasons, Debtors do not qualify as a "family fisherman" under 11 U.S.C § 101(19A), and they are not entitled to the protection Chapter 12 affords this special class of debtors. So that Debtors may retain a chance for a fresh start, the Court will enter an order on this date that grants Debtors ten days to file notice of whether they elect to convert their case to Chapter 7 or Chapter 11, or whether they elect to have their case dismissed. Debtors shall file notice of their decision by April 20, 2012 at 5 PM. Failure to timely file notice shall result in an order of dismissal.

Dated and signed above.

To be NOTICED by the Bankruptcy Noticing Center ("BNC") to the following:

Robert M. Cook
Law Offices of Robert Cook, PLLC
219 W. Second Street
Yuma, AZ 85364

Jessica R. Kenney
8502 E. Via De Ventura, Ste. 200
Scottsdale, AZ 85258

David M. Reaves
P.O. Box 44320
Phoenix, AZ 85064

U.S. Trustee
Office of the U.S. Trustee
230 North First Avenue, Ste. 204
Phoenix, AZ 85003

4

Case 0:11-bk-15206-EWH    Doc 35    Filed 04/10/12    Entered 04/11/12 10:30:50    Desc
Main Document - Memorandum/Opinion    Page 4 of 4